[No. 3603.]

CASTRILLA ET AL. v. VELOTTA ET AL.

1. SPECIFIC PERFORMANCE—*Conditional Tender of Payment.* Vendee of lands who, in tendering payment of the agreed price, demands a conveyance not warranted by the agreement of purchase is not entitled to specific performance.

2. LANDLORD AND TENANT—*Option to Tenant to Purchase.* Lessee of lands, with an option of purchase, tenders payment of the stipulated purchase money, with a condition as to the terms of the deed not warranted by the provisions of the option. He is not entitled to retain possession beyond the period of his lease.

3. APPEALS—*Appellant Must Show Error.* Where, upon the whole record, no error to the prejudice of the appellant is made to appear, the judgment will be affirmed.

*Appeal from Chaffee District Court.* HON. LEE CHAMPION, Judge.

Mr. GEORGE D. WILLIAMS, for appellants.

Mr. JOHN A. PERRY, of counsel.

No appearance for appellees.

CUNNINGHAM, Presiding Judge.

On the first day of August, 1904, the appellants, as lessees, entered into an agreement with the appellees, who were the owners of a tract of farming land consisting of about one hundred twenty-five acres, whereby the appellants agreed to lease said land for three years, at an agreed price of one hundred fifty dollars per year. Incorporated in this agreement was an option permitting the lessees to purchase the land at the expiration of their lease on terms and conditions in said agreement set forth. The controversy arises over the different construction placed upon a certain clause in the agreement pertaining to water rights.

At or before the expiration of the lease the appellants signified their desire and intention to exercise their option of purchase, and tendered the first payment in accordance with the provisions of the option, demanding, however, that certain water rights should be specifically set forth in the deed of conveyance. The appellees, placing a different construction upon the option purchase than that contended for by the appellants, declined to make the deed, and after much unavailing effort to reach some basis of settlement, appellees, on February 1, 1909, filed their complaint in the district court for the recovery of the possession of the land which appellants continued to hold after the expiration of the lease, and for $1,500

damages. By the terms of the leasehold provisions of the agreement, the rights of the appellants thereunder expired January 1st, 1908. The trial occurred August, 1909. Nothing was paid by the appellants for the use of the land after the expiration of the leasehold. The defendants answered admitting the leasing provisions of the agreement, and by way of cross-complaint asked for the specific performance of the option agreement. They also asked for damages in the sum of $1,000 for loss of crops, which they alleged was due to the failure on the part of appellees to furnish during the leasing period the amount of water which they alleged they were entitled to use under the agreement. All of the parties to this action are Italian, as were many of their witnesses. They spoke our language indifferently, certain of the witnesses speaking through an interpreter, thereby more or less affecting, in point of clearness, the testimony given. The contract on which the rights of all of the parties depend was written in Italian, and the translations introduced add appreciably to the difficulty of a clear understanding thereof.

1. As we have said, the whole difference between the parties arises over the construction of that feature of the lease and option agreement pertaining to water rights which the appellants would be entitled to use during the time they operated the land as lessees, and which they would be entitled to a conveyance of in the event of purchase. The following is all that appears in the agreement that in any wise refers to the water rights. We quote from one of the translations which appellants set forth in their brief, and with which, apparently, they are satisfied:

"The Velotta formally bind themselves to furnish to Castrilla and Capra all the spring water coming from the farm in where they are actually settled, viz., the water commonly called 'seepage water', and this outside

of the one that they have actually the right. During the term of the rental any and all trouble that may be caused by the fault of Castrilla and Capra will fall over them and at any time that the Velotta will be in need of the seepage water they have a right to use the same."

It appears from the record, although there is nothing specific in the written agreement of the lease and option so indicating, that there was other water belonging to the land leased, which, under the intention and understanding of the parties, appellants would be entitled to use, and to receive a conveyance for if they purchased, besides the so-called "seepage" or spring water, but as there was no controversy over these last named water rights, further reference to them is unnecessary.

It will be seen from what we have quoted from the written agreement, that the quantity of seepage or spring water which appellees were to furnish appellants is extremely uncertain, and quite incapable of ascertainment. There is nothing whatever in the record which discloses with anything even approaching definiteness how much of this seepage or spring water appellees needed, or for what portion of time they used it, and the controversy was limited to this seepage water right. Appellants were unwilling to accept a deed to the land unless this particular water right was therein specifically and unqualifiedly conveyed. The following questions propounded to and answers made by Castrilla (who seemed to represent and speak for both appellants) while he was on the stand, indicates with reasonable clearness his attitude at the time he made the tender and demanded a deed. He was testifying through an interpreter which explains the use, at times, of the pronouns in the third person.

"Q. But were you willing that Mike [referring to

one of the appellees] should reserve the first right to the use of the seepage water to himself?

A.   He might use the water when he needs it.

Q.   Was he (Castrilla) willing that the deed should state that Mike should have the first right to use it?

A.   If he needed it.

Q.   Were you willing that the deed should so state?

A. (by the interpreter)   He wants to know why Velotta should have the first right.

Q.   Was he willing that the deed should say that Mike should reserve to himself the first right?

A.   No, sir; he would not be willing that the contract says so; he can use the water any time he wants it.''

Under this testimony we think the trial judge, before whom the case was heard without a jury, was warranted in finding that the tender made by appellants was accompanied by a condition, as to the conveyance of the seepage water, not warranted by the written agreement or contract, hence, of course, specific performance could not be awarded, and the defendants, appellants here, were not entitled to retain possession of the premises after the expiration of their leasehold right in January, 1908.

2.   The evidence on the question of the amount of damage suffered by appellants while they were farming the land under their leasing agreement is conflicting. The fact that year after year they paid to appellees in cash the full stipulated rental price, without claiming any damage due to the insufficient water supply, greatly weakens the force of the testimony given by appellants on this subject.   Their contract required that they pay one hundred fifty dollars a year for the use of the land, while they were farming it under the leasing agreement. This amount they did pay.   The court fixed the appellees' damages at one hundred fifty dollars for each of

the years 1908 and 1909, being the two farming seasons during which appellants retained possession of the premises after the expiration of their leasehold rights.

There are other features connected with the case, and discussed in appellants' brief, which we have not found it necessary, after due consideration, to comment upon.

We cannot say from the record before us that the finding of the trial court was unjust or unreasonable, or that the appellants have not had substantial justice.

The judgment of the trial court is affirmed.